IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA BLACKMON | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-01542-E |
| | § | |
| FIREHAWK AEROSPACE, INC., | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT FIREHAWK AEROSPACE, INC.'S ORIGINAL ANSWER AND
GENERAL DENIAL TO PLAINTIFF'S ORIGINAL COMPAINT**

NOW COMES Defendant Firehawk Aerospace, Inc. ("Defendant"), and files this its Original Answer and General Denial to Plaintiff Jessica Blackmon ("Plaintiff")'s Original Complaint. Defendant would respectfully show the Court the following:

## ANSWER

### THE PARTIES

1. Defendant admits that Plaintiff is an individual and a citizen of Texas as set forth in Paragraph 1 of Plaintiff's Original Complaint ("the **Complaint**").

2. Defendant admits that it is a foreign corporation with its principal place of business located at 2100 N. Greenville Avenue, Suite 300, Richardson, Texas 75082, and that its registered agent is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company as alleged in Paragraph 2 of the Complaint.

### JURISDICTION

3. The allegation in Paragraph 3 is a legal argument and/or conclusion to which no responsive pleading is required.

---

**DEFENDANT'S ORIGINAL ANSWER AND GENERAL DENIAL**                              **PAGE 1**

4.      The allegation in Paragraph 4 is a legal argument and/or conclusion to which no responsive pleading is required.

## VENUE

5.      The allegation in Paragraph 5 is a legal argument and/or conclusion to which no responsive pleading is required.

6.      The allegation in Paragraph 6 is a legal argument and/or conclusion to which no responsive pleading is required.

## BACKGROUND FACTS

7.      Defendant admits that Plaintiff is a Black female as alleged in Paragraph 7 of the Complaint.

8.      Defendant believes the dates listed in Paragraph 8 of the Complaint to be correct; therefore, Defendant admits the same.

9.      Defendant denies the allegation set forth in Paragraph 9 of the Complaint regarding Plaintiff's qualifications for the positions to which she applied because, in part, Plaintiff expressed in the interview that she did not want to be a recruiter.

10.      Defendant admits that Plaintiff applied twice, first to a position titled "Recruiting Human Resources Business Partner", and second, to a position titled "Human Resources Generalist".

11.      Defendant denies the allegation contained in Paragraph 11 of the Complaint that Plaintiff was the "best qualified applicant" for the positions to which she applied.

12.      Defendant denies that it refused to hire Plaintiff because she was a Black, African American female, as alleged in Paragraph 12 of the Complaint.

13.     Defendant denies the allegation contained in Paragraph 13 of the Complaint that Mike Stark and George Liddell told Jacquelin Keblesh that they specifically refused to hire Plaintiff because she was a Black, African America, female.

14.     Defendant denies that George Liddell told Jacqueline Keblesh that he did not want to hire Plaintiff because of her "aggressive Black tone", as alleged in Paragraph 14 of the Complaint.

15.     Defendant denies the allegation contained in Paragraph 15 of the Complaint that Mike Stark told Jacqueline Keblesh that he did not want to hire Plaintiff because he "was not going to hire a Black female".

## CONDITIONS PRECEDENT

16.     Defendant has insufficient knowledge or information to form a belief as to the allegation contained in Paragraph 16 and therefore denies the same.

17.     Defendant denies such practices occurred as alleged in Paragraph 17 of the Complaint.

18.     Defendant has insufficient knowledge or information to form a belief as to the allegation contained in Paragraph 18 and therefore denies the same.

## CAUSES OF ACTION

**A.     First Cause of Action – Race Discrimination – Discriminatory Refusal to Hire - § 1981**

19.     Paragraph 19 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

20.     Defendant denies the allegation contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegation contained in Paragraph 21 of the Complaint.

**B.      Second Cause of Action – Color Discrimination – Discriminatory Refusal to Hire -  § 1981**

22.      Paragraph 22 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

23.      Defendant denies the allegation contained in Paragraph 23 of the Complaint.

24.      Defendant denies the allegation contained in Paragraph 24 of the Complaint.

**C.      Third Cause of Action – National Origin Discrimination – Discriminatory Refusal to Hire -  § 1981**

25.      Paragraph 25 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

26.      Defendant denies the allegation contained in Paragraph 26 of the Complaint.

27.      Defendant denies the allegation contained in Paragraph 27 of the Complaint.

**D.      Fourth Cause of Action – Race Discrimination – Discriminatory Refusal to Hire – Title VII**

28.      Paragraph 28 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

29.      Defendant denies the allegation contained in Paragraph 29 of the Complaint.

30.      Defendant denies the allegation contained in Paragraph 30 of the Complaint.

**E.      Fifth Cause of Action – Color Discrimination – Discriminatory Refusal to Hire – Title VII**

31.      Paragraph 31 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

32.      Defendant denies the allegation contained in Paragraph 32 of the Complaint.

33.      Defendant denies the allegation contained in Paragraph 33 of the Complaint.

**F.      Sixth Cause of Action – National Origin Discrimination – Discriminatory Refusal to Hire – Title VII**

34.    Paragraph 34 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

35.    Defendant denies the allegation contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegation contained in Paragraph 36 of the Complaint.

**G.    Seventh Cause of Action – Sex Discrimination – Discriminatory Refusal to Hire – Title VII**

37.    Paragraph 37 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

38.    Defendant denies the allegation contained in Paragraph 38 of the Complaint.

39.    Defendant denies the allegation contained in Paragraph 39 of the Complaint.

**H.    Eighth Cause of Action – National Origin Discrimination – Discriminatory Refusal to Hire – TCHRA**

40.    Paragraph 40 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

41.    Defendant denies the allegation contained in Paragraph 41 of the Complaint.

42.    Defendant denies the allegation contained in Paragraph 42 of the Complaint.

**I.    Ninth Cause of Action – Color Discrimination – Discriminatory Refusal to Hire – TCHRA**

43.    Paragraph 43 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

44.    Defendant denies the allegation contained in Paragraph 44 of the Complaint.

45.    Defendant denies the allegation contained in Paragraph 45 of the Complaint.

**J.    Tenth Cause of Action – National Origin Discrimination – Discriminatory Refusal to Hire – TCHRA**

46.     Paragraph 46 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

47.     Defendant denies the allegation contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegation contained in Paragraph 48 of the Complaint.

**K.     Eleventh Cause of Action – Sex Discrimination – Discriminatory Refusal to Hire – TCHRA**

49.     Paragraph 49 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

50.     Defendant denies the allegation contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegation contained in Paragraph 51 of the Complaint.

## DAMAGES

52.     Paragraph 52 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 56 of the Complaint.

## ATTORNEYS' FEES AND COSTS

57.     Paragraph 57 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

58.     Defendant admits that Plaintiff has retained the services of Scott Gilmore Thompson, PLLC and Friedman & Feiger, L.L.P., to prosecute Plaintiff's claims as alleged in Paragraph 58 of the Complaint.

---

59.     Defendant denies that Plaintiff is entitled to any of the recovery or relief sought in Paragraph 59 of the Complaint.

## INJUNCTIVE AND DECLARATORY RELIEF

60.     Paragraph 60 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

61.     Defendant denies Plaintiff is entitled to any injunctive or declaratory relief as sought in Paragraph 61 of the Complaint.

## JURY DEMAND

62.     Paragraph 62 of the Complaint contains Plaintiff's intent to incorporate each of the foregoing paragraphs for which no response is required.

63.     Paragraph 63 of the Complaint contains Plaintiff's demand for a trial by jury for which no response is required.

## PLAINTIFF'S CONCLUSION AND PRAYER

64.     Defendant denies that Plaintiff is entitled to any of the relief sought in their Conclusion and Prayer contained in Paragraph 64 of the Complaint.

## GENERAL DENIAL

65.     Defendant generally denies each and every, all and singular, the material allegations contained in Plaintiff's Original Complaint and demands strict proof thereof by a preponderance of the evidence.

## RESERVATION

66.     Defendant reserves the right to amend its Original Answer and General Denial up and through the time of trial to assert any additional defense, when and if, during the course of its

investigation, discovery, or preparation for trial, it becomes appropriate to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Firehawk Aerospace, Inc. respectfully requests that this Court enter judgment against Plaintiff and in favor of Firehawk Aerospace, Inc., dismiss this action, award Firehawk Aerospace, Inc. its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: July 16, 2025

Respectfully submitted,

*/s/ Frank Hill*
Frank Hill – SBN 09632000
fhill@hillgilstrap.com

**HILL GILSTRAP, P.C.**
1400 W. Abram St.
Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 FAX

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that, on July 16, 2025, a true and correct copy of the foregoing document was served on all counsel of record electronically via the Court's ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Frank Hill*
Frank Hill